IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| JEFFREY S. MORRIS | §<br>§<br>§ |
| PLAINTIFF, | §<br>§ |
| VS. | §<br>§<br>§ |
| DEQUEEN AND EASTERN RAILROAD, LLC | §<br>§<br>§<br>§ |
| DEFENDANT. | §<br>§ |

## COMPLAINT

COMES NOW JEFFREY S. MORRIS, hereinafter referred to as Plaintiff, complaining of DEQUEEN AND EASTERN RAILROAD, LLC, hereinafter also referred to as Defendant, and for cause of action would respectfully show unto the Court the following:

### PARTIES

I.

Plaintiff is a railroad worker and a resident of Sevier County, Arkansas.

II.

Defendant, DEQUEEN AND EASTERN RAILROAD, LLC, at all times material hereto, was and is a railroad corporation doing business in the State of Arkansas.

Service of process may be had upon Defendant by serving the Corporation Service Company, 300 Spring Building, Suite 900, 300 Spring Street, Little Rock, Arkansas, 72201.

## JURISDICTION

III.

Jurisdiction in this case arises pursuant to 28 U.S.C. §1331, in that this action arises under the Constitution, laws, or treaties of the United States, specifically the Federal Employers' Liability Act, Title 45 U.S.C. §51 et seq.

## VENUE

IV.

Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) and (c) in that the Defendant is located within the Western District of Arkansas and has regular and systematic contacts with this District. Additionally, Plaintiff resides in the Western District of Arkansas and the incident made the basis of this suit occurred in the Western District of Arkansas.

## NEGLIGENCE

V.

At all times mentioned in this complaint, Defendant was and is a common carrier by railroad engaged in interstate commerce through and between several states. Plaintiff was employed by Defendant to further those activities. The injuries complained of in this Complaint were sustained within the course and scope of Plaintiff's employment with the Defendant. At all times material hereto, Plaintiff, as employee, and Defendant, as employer, were mutually engaged in interstate commerce. Plaintiff, while in the course and scope of his employment on or about April 28, 2020, was injured while directing the movement of railcars as he walked on property in the Plaintiff's regular use in his employment with the Defendant. Plaintiff's injuries to his right knee were due in whole or in part to the negligence of Defendant, its agents, servants or employees acting in the

2

course and scope of their employment.

Plaintiff's injuries resulted from the negligence of Defendant, including but not limited to the following:

a. failing to provide Plaintiff with a safe place to work,

b. failing to address hazards involved in ensuring the safe movement of railcars within rail yards in regular use at Valiant, Oklahoma,

c. failing to respond to employees' complaints concerning hazards in the foot paths in regular use at Valiant, Oklahoma,

d. failing to implement or follow an on-track safety program as required by the federal railroad regulations to address the presence of hazards; and,

e. failing to comply with relevant industrial and governmental safety standards.

## DAMAGES

### VI.

Plaintiff has suffered serious injuries and permanent impairment to his body. These injuries are permanent in nature. In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of his natural life. These injuries have had a serious effect on Plaintiff's health and well being. Because of the nature and consequences of his injuries, Plaintiff has suffered physical and mental pain, suffering and anguish and, in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life. At the time of the incident complained of, Plaintiff was in sound health and gainfully employed as a railroad worker. Plaintiff has lost wages and benefits in the past and, within reasonable probability, will continue to suffer a loss of wages, benefits, and earning capacity in the future.

As a further result thereof, Plaintiff has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, surgery costs and nursing service. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above. The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered. As a further result of the injuries sustained by Plaintiff, he will, within reasonable medical probability, incur future expenses for his medical care and attention. As a result of the incidents complained of herein, Plaintiff has suffered in the past and, within medical probability, will continue to suffer in the future from physical impairment.

## JURY DEMAND

### VII.

Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JEFFREY S. MORRIS, requests that Defendant be summoned to appear and answer, and that upon final trial, Plaintiff have:

a. Judgment against Defendant for damages sustained by the Plaintiff,

b. post-judgment interest at the legal rate against Defendant,

c. costs of suit, and

d. such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

<u>Thomas H. McGowan</u>
THOMAS H. MCGOWAN
Attorney for Plaintiff
Arkansas No. 82105
1202 Main Street Suite 206
Little Rock, AR 72202
Phone: (501) 374-3655
Tmcgowan52@att.net
thm@tmcgowanlaw.com

and

<u>Brent J. Eubanks</u>
BRENT J. EUBANKS
HUMPHRIES, ODUM & EUBANKS
Attorneys for Plaintiff
Arkansas No. 2008158
1901 Broadway Street
Little Rock, AR 72206
Phone: (501) 420-1776
brent@humphrieslaw.net